UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-116-H

EDWARD H. FLINT                                                                                    PLAINTIFF

V.

JUDGE JAMES SHAKE, et al.                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The three Defendants, Judges James Shake, Audra Eckerle and Ann O'Malley Shake, have each moved for dismissal of all claims against them.  The complaint alleges that these judges participated in one way or another in entering orders and transferring cases without any proper legal basis.

Judges are protected by absolute immunity for their judicial acts under both state law and in federal civil rights suits.  In order to overcome a judicial immunity defense, Plaintiff must allege facts that would demonstrate that a judge's acts were not judicial in nature or that the judge acted "in clear absence of . . . jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).  Even assuming for the purpose of this motion that Plaintiff's allegations were true, Plaintiff cannot meet this burden because he fails to set forth in his complaint or response to the pending motions any facts to support his argument that any of Defendants were without jurisdiction to act in their capacities as a judge.

A judge is immune, under Kentucky law, from personal liability for those acts undertaken while that judge has jurisdiction over a case.  Even when jurisdiction is contrary to law, judicial

immunity still applies. *City of Louisville v. Bergel*, 610 S.W.2d 292, 293 (Ky. 1980). The question of whether Plaintiff's civil lawsuit was improperly transferred between judges is irrelevant when determining whether the actions a judge has taken were "judicial" in nature. The Kentucky Supreme Court held in *Baker v. Fletcher*, that a judicial act is defined as "any act that is of the nature normally performed by a judge and one in which the parties dealt with the judge in his official capacity." 204 S.W.3d 589, 595 (Ky. 2006).

The general actions about which Plaintiff complains in this complaint are routine court activities, such as transferring cases from one judge to another. Judges routinely accept cases transferred to them from other divisions within a circuit court and make substantive rulings on motions presented to them. Even if accepting jurisdiction of Plaintiff's civil lawsuit was in violation of a court rule as Plaintiff contends, the act of doing so still meets the definition of "judicial act" the Kentucky Supreme Court articulated in the *Baker* case.

For these reasons, Plaintiff cannot state a cause of action against any of the judges in connection with the transfer of Plaintiff's case.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Defendants to dismiss is SUSTAINED and the claims against Defendants are DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Mr. Edward H. Flint, *Pro Se*
        Counsel of Record